```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division
```

Wilfredo Sejas,                )
                               )
    Plaintiff,                 )
                               )
         v.                    )    1:11cv469 (JCC)
                               )
MortgageIT, Inc.,              )
                               )
    Defendant.                 )


### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant MortgageIT, Inc.'s ("Defendant" or "MortgageIT") Motion to Dismiss ("MTD"). For the following reasons, the Court will grant dismissal.

### I. Background

Plaintiff Wilfredo Sejas, *pro se* ("Plaintiff" or "Sejas"), alleges in his Complaint [Dkt. 1, Ex. A] that he signed a Deed of Trust and promissory note for a property located at 7651 Rugby Court, Manassas, Virginia, 20109 (the "Property"), with Defendant as beneficiary. (Complaint ¶¶ 2, 6.) He claims that the Deed of Trust is defective for lack of proper acknowledgement and that the Certificate of Acknowledgement is also "defective." (Complaint ¶ 7.) And he claims that Defendant instructed a Substitute Trustee to carry

1

out a foreclosure sale of the property without having had the authority to do so, and without properly notifying Plaintiff. (Complaint ¶¶ 8, 9.)

Several unusual aspects of this case should be noted from the outset. It appears quite similar to *Sejas v. MortgageIT, Inc., et al.*, Case No. 153CL09003947-00, filed in Prince William Circuit Court on October 15, 2009. In that earlier case, where Plaintiff was represented by counsel, Plaintiff claimed at Paragraph 11 of his complaint that he "does not speak, read, or write English." Remarkably, however, Plaintiff's instant Complaint is written in English, meaning either that his English skills have improved dramatically in the past two years or that his pleadings are being ghost-written. To the extent the latter case proves true, this Court admonishes Plaintiff that "the practice of ghost-writing legal documents to be filed with the Court by litigants designated as proceeding *pro se* is inconsistent with the procedural, ethical and substantive rules of this Court." *Laremont-Lopez v. Se. Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1080-81 (E.D. Va. 1997). The Court further warns any attorney providing ghost-writing assistance that he or she is behaving unethically. *Davis v. Back*, No. 3:09cv557, 2010 WL 1779982, at *13 (E.D. Va. April 29, 2010) (Ellis, J.).

Also, perhaps relatedly, Plaintiff's recent Motion for a Continuance [Dkt. 11] contained Plaintiff's signature, but underneath listed the name "Wyman P. Rodriguez, pro se." And finally, the phone number listed at the end of that pleading is not that of Mr. Sejas, as the Court learned in attempting to notify Mr. Sejas that the Motion to Dismiss would be decided on the pleadings. Needless to say, these facts are suspicious.

Plaintiff's Complaint includes claims of Wrongful Foreclosure (Count I), Trespass (Count II), Breach of Contract (Count III), and seeks Declaratory Relief (Count IV). Defendant Moved to Dismiss on May 13, 2011. [Dkt. 7 ("Mot.").] Plaintiff failed to respond to that motion until June 3, 2011, when he moved for a continuance [Dkt. 11], which the Court denied on June 7, 2011 [Dkt. 12]. Defendant's motion is before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). In deciding such a motion, a court must first be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A court must take "the material allegations of the complaint" as admitted and liberally construe the complaint

in favor of a plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted).  Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level."  *Id.* at 1965.  In its recent decision, *Ashcroft v. Iqbal*, 129 S. Ct 1937 (2009), the Supreme Court expanded upon *Twombly* by articulating a two-pronged analytical approach to be followed in any Rule 12(b)(6) test.  First, a court must identify and reject legal conclusions unsupported by factual allegations because they are not entitled to the presumption of truth.  *Id.* at 1951.  "[B]are assertions" that amount to nothing more than a "formulaic recitation of the elements" do not suffice.  *Id.* (citations omitted).  Second, assuming the veracity of "well-pleaded factual allegations," a court must conduct a "context-specific" analysis drawing on "its judicial experience and common sense" and determine whether the factual allegations "plausibly suggest an entitlement to relief."  *Id.* at 1950-51.  The plausibility standard requires more than a showing of "a sheer possibility that a defendant has

4

acted unlawfully." *Id.* at 1949. In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court construes the *pro se* Complaint in this case more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, the Court is aware that "[h]owever inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 WL 717280, at *1 (4th Cir. 1999) (citing *Cruz v. Beto,* 405 U.S. 319 (1972)). Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Thus, even in cases involving *pro se* litigants, as in here, the Court "cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278.

### III. Analysis

Defendant seeks dismissal on grounds of res judicata and failure to state a claim under Federal Rule of Civil

Procedure 12(b)(6). As this Court will dismiss for res judicata, it need not reach the Rule 12(b)(6) issue.

The doctrine of res judicata bars additional litigation on matters decided in earlier litigation between the same parties. Federal courts apply state res judicata law in determining the preclusive effects of a state court judgment. *Greengael, LC v. Board of Sup'rs of Culpeper Cnty., Va.*, 313 F. App'x 577, 579 (4th Cir. 2008) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005); *In re Genesys Data Tech., Inc.*, 204 F.3d 124, 129 (4th Cir. 2000)). Virginia's claim preclusion[1] doctrine bars "relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies." *Martin-Bangura v. Va. Dep't. of Mental Health*, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009) (quoting *Smith v. Ware*, 244 Va. 374, 421 (1992)). A party asserting that a claim is precluded must also "show that the previous judgment was a valid, final judgment on the merits." *Id*. "The doctrine protects litigants from multiple lawsuits, conserves judicial resources, and fosters

---

[1] As the Supreme Court has recently reiterated, "[t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). At issue here is "claim preclusion," or the doctrine that "forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id*. (internal quotation marks and citation omitted).

6

certainty and reliance in legal relationships." *State Water Control Bd. v. Smithfield Foods, Inc.*, 261 Va. 209, 214 (2001).

Virginia Rule of Supreme Court 1:6 adopts what is commonly known as the "conduct, transaction, or occurrence" test for res judicata claim preclusion, stating:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

"[T]he terms of this Rule make clear [that] claim preclusion in Virginia operates to bar any claim that could have been brought in conjunction with a prior claim, where the claim sought to be barred arose out of the same conduct, transaction, or occurrence as the previously litigated claim." *Martin-Bangura v. Va. Dept. of Mental Health*, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009).

Here, Plaintiff's complaint raises allegations of fraud and conspiracy regarding the mortgage-loan transaction and subsequent foreclosure proceedings on the Property. These

7

claims were raised, indeed in far more detail, in Plaintiff's previous Prince William County Court claim, which resulted in dismissal with prejudice on April 30, 2010. [Dkt. 8, Ex. 3.] The opening paragraph of the complaint in that case sums it up well, arguing that "Defendants were not persons entitled to enforce, not holders, and not holders in due course in connection with the subject mortgage loan to Mr. Sejas," and seeking relief for "the Defendants' illegal and malicious actions in violation of the Virginia law and other malfeasance in the origination, granting, and eventual securitization of the residential mortgage loan to Mr. Sejas." [Dkt. 8, Ex. 2, at 2 (footnote omitted).]

Thus, the instant case is essentially identical to an earlier case with a final judgment on the merits, with the same parties, and with claims arising from the same conduct, transaction, or occurrence as the earlier case. This case is therefore barred under the doctrine of res judicata.

### IV. Conclusion

For the reasons stated above, the Court will grant Defendant's Motion for Dismissal.

|  |  |
|---|---|
| June 20, 2011 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |